UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| KEVIN BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-50-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| J. C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Kevin Banks is an inmate currently confined in the Federal Correctional Institution in Fort Dix, New Jersey. While confined at the federal prison in Manchester, Kentucky, Banks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of his sentence. [R. 1] Specifically, Banks contends that he is entitled to credit against his federal sentence from December 16, 1999, to July 3, 2003, which includes days he spent in both federal and Pennsylvania custody, and days spent before and after his federal sentence was imposed.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

§ 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I. **Background**

On June 22, 1998, the Pennsylvania Board of Probation and Parole ("PBPP") paroled Banks from a Pennsylvania state sentence which he had been serving. [R. 8-8 at 4] On December 16, 1999, Philadelphia police arrested Banks and charged him with numerous offenses, including the unauthorized use and carrying of firearms. [R. 8-6 at 1; R. 8-8 at 2]

On April 10, 2000, federal authorities took Banks into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to appear in federal court in Pennsylvania for a preliminary examination related to his state arrest. After that hearing, the magistrate found probable cause to hold Banks for further action. *United States v. Banks*, No. 2:00-mj-00264-1 (E.D. Pa. 2000) (at R. 2, 9). On May 2, 2000, Banks was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 5, 2000, a federal jury convicted Banks of the offense. On February 6, 2001, Banks was sentenced to a 180-month term of imprisonment. *United States v. Banks*, No. 2:00-cr-00230-RK-1 (E.D. Pa. 2000) (at R. 38, 50).

While Pennsylvania authorities had dismissed the state firearms charges against Banks in light of the federal prosecution [R. 8-6 at 1; R. 8-8 at 2], he still faced state prosecution for violating the terms of his 1998 parole. On February 21, 2001, federal authorities returned Banks to state custody and filed a federal detainer with the PBPP. [R. 8-6 at 1; R. 8-7 at 1] On May 31, 2001, the PBPP sentenced Banks to a 24-month term for violating the terms of his 1998 parole, to be served in addition to his extant state sentences. [R. 8-1 at 1; 8-2 at 1; R. 8-7 at 1; R. 8-8 at 1-4, 5]

2

In computing the full term of his state sentences, Pennsylvania authorities gave Banks prior custody credit from December 17, 1999, to April 10, 2000, for the time he spent in state custody before his transfer to federal authorities for prosecution, as well as credit spent in service of his state sentences from May 31, 2001, until his parole on July 2, 2003. [R. 8-6 at 1; R. 8-8 at 1-2] On that date, state officials transferred Banks to federal custody. [R. 8-7 at 1, 6]

The BOP's Sentence Monitoring Computation Data ("SMCD") sheet [R. 8-5 at 2] indicates that Banks began serving his 180-month sentence under 18 U.S.C. § 3585(a) on July 2, 2003. Pursuant to 18 U.S.C. § 3585(b)(1), the BOP has given Banks 416 days of credit for time spent in custody before his federal sentence was imposed. This includes one day credit for December 16, 1999, and 415 days credit from April 11, 2000 (when he was taken into federal custody for his preliminary hearing ) through May 30, 2001 (when Pennsylvania sentenced him on the parole violator charge).[1]  [R. 8-5 at 2]

In his petition, Banks contends that he is also entitled to credit against his federal sentence for two periods of time he spent in state, rather than federal, custody. First, he seeks credit for 116 days spent in state custody following his arrest on December 17, 1999, until his transfer to federal authorities on April 10, 2000. Second, he seeks credit for 764 days he spent in state custody after PBPP sentenced him on May 30, 2001, for violating his parole until his return to federal authorities on July 2, 2003. [R. 1at 6, 9]

---

[1]  The record suggests that Banks was returned to state authorities on February 21, 2001 [R. 8-5 at 2] but that Pennsylvania authorities did not give him credit against his parole violator term until it was imposed on May 31, 2001. [R. 8-6 at 1] It appears that the BOP therefore credited these 113 days against his federal sentence because they were not credited against his state sentence.

Banks first sought credit for these time periods by invoking the BOP's administrative remedy process. In denying his request, the BOP noted that Section 3585(b) expressly precludes the credit he sought because Pennsylvania had credited both time periods against his parole violator sentence. [R. 1-2 at 3, 5; R. 8-8 at 2]

The BOP also considered whether it might be appropriate to grant Banks credit against his federal sentence from May 31, 2001, until July 2, 2003, by designating, retroactively, the Pennsylvania prison as his "place of confinement" under 18 U.S.C. § 3621(b) pursuant to the authority granted by *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) as implemented by Program Statement 5160.05. The BOP considered the § 3621(b) factors, and determined that such a designation was not warranted. In doing so, it noted that Banks was a felon convicted of possessing a firearm; had an extensive criminal history; and had been sanctioned for prison disciplinary infractions, some including the use of violence. [R. 1-2 at 7-8] The BOP also requested that the federal sentencing court give its recommendation regarding a retroactive designation. While the sentencing court indicated that it favored such a designation, such recommendations are nonbinding, and the BOP decided against the retroactive designation. [R. 8-4 at 1-2]

**II.     Discussion**

The BOP properly concluded that Banks was not entitled to credit against his federal sentence for either time period he served in state custody, including between December 17, 1999, and April 10, 2000, and between May 31, 2001, and July 2, 2003. Because Pennsylvania credited this time against Banks's state parole violator sentence, 18 U.S.C. § 3585(b) expressly forbids "double counting" that time by also crediting it against a federal sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003).

4

With respect to the BOP's determination that it could not credit Banks with time he spent in state custody from May 31, 2001, to July 2, 2003, through a retroactive "place of confinement" designation under *Barden*, the Court concludes that it did not abuse its discretion. In *Barden*, the Third Circuit held that § 3621(b) authorizes the BOP to retroactively designate a state prison as the place where a federal defendant will serve his or her sentence. The practical effect of such a designation is to grant the federal prisoner credit against his or her federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. *Barden*, 921 F.2d at 480.

A district court reviews the BOP's determination on this issue only for an abuse of discretion. *Eccleston v. U.S.*, 390 F. App'x 62, 64 (3d Cir. 2010); *Taylor v. Eichenlaub*, 2009 WL 2849131, at *5 (E.D. Mich. Sept. 1, 2009). In this case, the BOP's worksheet and the appeal response from its Central Office establish that the BOP considered the appropriate factors under § 3621(b) when determining whether such a designation was appropriate. [R. 8-4; R. 1-2 at 7-8] Certain factors - including the sentencing judge's recommendation, Banks's completion of vocational courses, and record of clear conduct during the past twelve years - doubtless weigh in favor of such a designation. However, the BOP identified other relevant factors weighing against such a designation, and "[t]he test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston*, 390 F. App'x 62 at 64–65; *Everett v. Ives*, 2012 WL 2179097, at *3 (E.D. Ky. June 13, 2012). Where, as here, the BOP has considered the relevant factors in a manner not patently inconsistent with the statute, no abuse of discretion results. *Dunlap v. Ives,* 2012 WL 1711379, at *2, (E.D. Ky. May 15, 2012); *Cunningham v. Wilson*, 2011 WL

2472550, at *5 (E.D. Ky. June 22, 2011); *Wallace v. Stine*, 2009 WL 2026385, at *5–6 (E.D. Ky. July 9, 2009).

Accordingly, **IT IS ORDERED** as follows:

1. Banks's petition for writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This September 12, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge